# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF S. HARNDEN, | 1:07-cv-01319-AWI-GSA-PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND  (Doc. 1) |
| v. | |
| CALIFORNIA, et al., | ORDER FOR CLERK TO SEND § 1983 COMPLAINT FORM TO PLAINTIFF |
| Defendants. | THIRTY DAY DEADLINE TO FILE FIRST AMENDED COMPLAINT |

Plaintiff, Jeff S. Harnden ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the complaint that commenced this action on September 10, 2007.

## I.    SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and

1

1    plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).

2    "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

3    grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only

4    if it is clear that no relief could be granted under any set of facts that could be proved consistent with

5    the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether

6    the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of

7    the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey,

8    353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also

9    Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the

10   opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir.

11   2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."

12   Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights

13   complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l

14   Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d

15   266, 268 (9th Cir. 1982)).

16   **II.    SUMMARY OF COMPLAINT**

17          The events at issue in the complaint allegedly occurred at Corcoran State Prison, where

18   plaintiff is currently incarcerated. Plaintiff names as defendants the State of California, Dr. Severns

19   (Psych Doctor), Sgt. Warren, K. Comaites (Warden), Sheppard D. Brooks (Warden), Sgt. Trujillo,

20   Lt. Ruiz, C/O Birch, Campbell (IGI), M. Alaniz (IGI), Robert Ayers (Warden, Pelican Bay State

21   Prison), MTA Garnett, W.E. Murray, C/O Brooks, and unspecified John Doe defendants.

22          Plaintiff's complaint provides twenty one handwritten pages of rambling narrative. Although

23   plaintiff provides generic headings for each of his eight claims for relief – Issue "A" through Issue

24   "I" – plaintiff repeats the same complaints and facts throughout the twenty one pages and does not

25   clearly express the events upon which he bases his claims. It appears that plaintiff's complaints stem

26   from a sexual assault on plaintiff by another inmate named Batten, which plaintiff alleges occurred

27   on June 5, 2007. Plaintiff alleges Batten attacked and sexually abused him, leaving bites, bruises,

28   and saliva all over his body, and that prison officials did not adequately investigate the assault.

1  Plaintiff also alleges that he is in imminent danger of further assault by Batten, who has threatened
2  to assault or kill plaintiff if he sees him out on the shared yard.  Plaintiff also makes vague assertions
3  about inadequate medical care, retaliation, problems receiving mail, breaches of doctor-patient
4  confidentiality, and unsafe yard conditions.  Plaintiff requests damages and injunctive relief.

5  **III.   PLAINTIFF'S CLAIMS**

6    The Civil Rights Act under which this action was filed provides:

7      Every person who, under color of [state law] . . . subjects, or causes
    to be subjected, any citizen of the United States . . . to the deprivation
8      of any rights, privileges, or immunities secured by the Constitution .
    . . shall be liable to the party injured in an action at law, suit in equity,
9      or other proper proceeding for redress.

10  42 U.S.C. § 1983.  "Section 1983 . . .  creates a cause of action for violations of the federal
11  Constitution and laws."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997)
12  (internal quotations omitted).  "To the extent that the violation of a state law amounts to the
13  deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution,
14  Section 1983 offers no redress."  Id.

15    **A.  Linkage Requirement**

16    Section 1983 plainly requires that there be an actual connection or link between the actions
17  of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v.
18  Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A
19  person deprives another of a constitutional right, where that person 'does an affirmative act,
20  participates in another's affirmative acts, or omits to perform an act which [that person] is legally
21  required to do that causes the deprivation of which complaint is made.'"  Hydrick v. Hunter, No. 03-
22  56712, 2007 WL 2445998, *5 (9th Cir. Aug. 30, 2007) (quoting Johnson v. Duffy, 588 F.2d 740,
23  743 (9th Cir. 1978)).  "[T]he 'requisite causal connection can be established not only by some kind
24  of direct, personal participation in the deprivation, but also be setting in motion a series of acts by
25  others which the actor knows or reasonably should know would cause others to inflict the
26  constitutional injury.'"  Id. (quoting Johnson at 743-44).

27  ///

28  ///

3

1      Plaintiff does not link any affirmative act or omission to act by any of the defendants to the

2  deprivations he alleges to have suffered.  In short, plaintiff does not allege any facts giving rise to

3  any cognizable claim for relief under section 1983 against any of the defendants.

4        **B.**    <u>**Rule 8(a)**</u>

5      The federal system is one of notice pleading.  <u>Galbraith v. County of Santa Clara</u>, 307 F.3d

6  1119, 1126 (2002).  "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

7  exceptions," none of which applies to section 1983 actions.  <u>Swierkiewicz</u>, 534 U.S. at 512; Fed. R.

8  Civ. Pro. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the

9  claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. Pro. 8(a).  "Such a statement

10  must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon

11  which it rests."  <u>Swierkiewicz</u>, 534 U.S. at 512.  Although the Federal Rules adopt a flexible

12  pleading policy, a complaint must give fair notice and state the elements of the claim plainly and

13  succinctly.  <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).

14      Plaintiff's rambling narrative in his complaint clearly violates Rule 8(a)'s pleading standard.

15  Plaintiff does not clearly articulate the claims he wishes to bring or the facts supporting his claims.

16  Although plaintiff alleges violations of his rights under the First, Fourth, Sixth, and Eighth

17  Amendment, he does not explain which rights were violated or how those rights were violated.  The

18  court finds that plaintiff has not given the defendants fair notice of what his claims are and the

19  grounds upon which they rest.

20      Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies

21  described by the court in this order.  The court will provide plaintiff with the law that may or may

22  not be relevant to the claims he is attempting to assert.

23        **C.**    <u>**Conditions of Confinement**</u>

24      To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

25  conditions must involve "the wanton and unnecessary infliction of pain . . . ."  <u>Rhodes v. Chapman</u>,

26  452 U.S. 337, 347 (1981).  Although prison conditions may be restrictive and harsh, prison officials

27  must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.

28  <u>Id.</u>; <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1107 (9th Cir. 1986); <u>Hoptowit v. Ray</u>, 682 F.2d 1237,

1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. Id. at 844-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Id. at 835; Frost, 152 F.3d at 1128.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. at 8 (quotations and citations omitted). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Id. at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations and citations omitted).

C.    **Medical Care**

With respect to medical care, negligence is insufficient to support a claim for violation of the Constitution. Estelle v. Gamble, 429 U.S. 97, 106 (1976). Rather, to constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate

medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety."  Farmer, 511 U.S. at 834. Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs.  McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

## D.   Failure to Protect

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes, 452 U.S. 337, 347 (1981).  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint, 801 F.2d at 1107; Hoptowit, 682 F.2d at 1246. Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Id. at 1250; Farmer, 511 U.S. at 833.  To establish a violation of this duty, the prisoner must establish that prison officials were deliberately indifferent to a substantial risk of serious harm to the inmates's safety. Id. at 834.  The deliberate indifference standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Id. (citing Wilson, 501 U.S. at 298).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety." Id. at 837.

///

### E.   <u>Retaliation</u>

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. <u>Rizzo v. Dawson</u>, 778 F.2d 527, 532 (9th Cir. 1985); <u>see also</u> <u>Valandingham v. Bojorquez</u>, 866 F.2d 1135 (9th Cir. 1989); <u>Pratt v. Rowland</u>, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2005).

## IV.   CONCLUSION

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983 because plaintiff has not adequately linked the alleged constitutional violation to actions or omissions of named defendants.  The court will provide plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson</u>, 588 F.2d at 743.

Plaintiff is also informed that he must comply with Rule 8(a).  The complaint should provide a short and plain statement of the claim for relief which consists of a brief description of each defendant's act or omission that constitutes the violation.  For example, if plaintiff seeks to raise an Eighth Amendment claim, he must say what acts were done that constitute the violation, by whom, where the acts were committed, and when they were committed.  Plaintiff should try to be as brief as possible, only including those defendants and specific facts that give rise to the alleged constitutional violation.

Plaintiff should note that although he has been given the opportunity to amend, it is not for

the purposes of adding new defendants relating to issues arising after September 10, 2007.  In addition, plaintiff should take care to include only those claims that occurred prior to the initiation of this suit on September 10, 2007, as those claims would necessarily be unexhausted and would require dismissal.[1]

Finally, plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  Id. (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.  The amended complaint should be clearly and boldly titled "FIRST AMENDED COMPLAINT," refer to case number 1:07-cv-01319-AWI-GSA-PC, and be an original signed under penalty of perjury.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.   Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2.   The Clerk's Office shall send plaintiff a § 1983 civil rights complaint form;

3.   Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint;

4.   Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:07-cv-01319-AWI-GSA-PC;

5.   If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated:   **March 31, 2008**          **/s/ Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE

---

[1]Exhaustion must occur prior to filing suit.  McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir.2002).  Thus, even if Plaintiff has since exhausted, the claims would be dismissed as the exhaustion did not occur *prior to filing suit.* Id.