**WO**                                                                                           SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jeffrey S. Harnden, ) | No. CV 1-07-001319-MHM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| California, et al., ) | |
| Defendants. ) | |

This case was reassigned to the undersigned judge on November 26, 2008. (Doc.# 20.)[1] Plaintiff Jeffrey S. Harnden, who is confined in the Corcoran State Prison in Corcoran, California, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, and was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). (Doc.# 8.) Although apparently overlooked, Plaintiff then had at least "three strikes" under 28 U.S.C. § 1915(g). The Complaint was dismissed for failure to state a claim with leave to amend. (Doc.# 13.) Plaintiff filed a First Amended Complaint. (Doc.# 18.) Plaintiff then filed a motion to amend the First Amended Complaint. (Doc.# 21.) Plaintiff has now filed a notice of voluntary dismissal "if he is not charged." (Doc.# 23.) Because Plaintiff had more than three strikes under § 1915(g) when he filed this action, the Court will revoke the order granting him leave to proceed *in forma pauperis* and vacate the order directing payment of

---

[1] "Doc.#" refers to the docket number of filings in this case.

**JDDL**

the inmate filing fee. (Doc.# 8, 9.) This action will be voluntarily dismissed pursuant to Plaintiff's notice. The Court will deny Plaintiff's motion to amend as moot.

**I.       "Three Strikes Provision" of 28 U.S.C. § 1915(g).**

A prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Because § 1915(g) is a procedural rule that does not raise retroactivity concerns, cases that were dismissed before the effective date of § 1915(g), i.e., April 26, 1996, may be counted as qualifying dismissals or "strikes." Tierney v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997). If a plaintiff has three strikes, he may bring a civil action without complete prepayment of the $350.00 filing fee only if he alleges that he is in *imminent* danger of serious physical injury. 28 U.S.C. § 1915(g).

At least three of Plaintiff's prior actions were dismissed as frivolous, malicious and/or as failing to state a claim.[2] See Harnden v. Scribner, No. CV F-05-1274-LJO-WMW, 2008 WL 818932 at *1 (E.D. Cal. March 24, 2008) (denying *in forma pauperis* status based on three strikes under § 1915(g) and citing cases)[3]; Harnden v. Fitzsimmons, No. CV 96-01500-JE (D. Or. Dec. 13, 1996) (same); Harnden v. Campbell, No. CV 96-06086-PA (D. Or. Sept. 9, 1996) (dismissed as frivolous).

**III.     Failure to Allege Imminent Danger of Serious Physical Injury**

If a plaintiff has three strikes, as Plaintiff does, he may bring a civil action without

---

[2] Plaintiff has filed more than 40 cases in California and Oregon District Courts.

[3] The cases identified as dismissed for failure to state a claim are: Harnden v. Ayers, No. C 99-2138 (N.D. Cal. June 23, 1999); Harnden v. Arcata, No. C 97-4210 CW (N.D. Cal. Jan. 13, 1998); Harnden v. Del Norte County Sheriff's Dept., No. C 96-4086 CW (N.D. Cal. May 15, 1997).

complete prepayment of the $350.00 filing fee only if he is in *imminent* danger of serious physical injury. 28 U.S.C. § 1915(g). Plaintiff's First Amended Complaint contains only a rambling narrative. Plaintiff did not allege an imminent danger of serious physical injury or facts to support an imminent danger of serious physical injury.

Because Plaintiff had at least three strikes under § 1915(g) when he filed this action and he failed to allege imminent danger of serious physical injury, his application to proceed *in forma pauperis* should have been denied. The Court will accordingly revoke Plaintiff's status to proceed *in forma pauperis* and vacate the order directing payment of inmate filing fee. (Doc.# 8, 9.)

Plaintiff has filed a notice of voluntary dismissal. For the reasons discussed herein, this action will be voluntarily dismissed pursuant to Plaintiff's notice. The Court will deny Plaintiff's motion to amend as moot. (Doc.# 21.)

**IT IS ORDERED**:

(1) Plaintiff's status to proceed *in forma pauperis* (Doc.# 8) is **revoked** pursuant to 28 U.S.C. § 1915(g).

(2) The Order directing payment of an inmate filing fee is **vacated**. (Doc# 9.)

(3) Plaintiff's motion to amend is **denied** as moot. (Doc.# 21.)

(4) This action is terminated pursuant to Plaintiff's Notice of Voluntary Dismissal. (Doc.# 23.)

DATED this 13th day of February, 2009.

_____
Mary H. Murguia
United States District Judge

- 3 -